UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REV DR WILLIAM J PERRY,

        Plaintiff,

   v.

S2 REALTY AND VARIOUS TENANTS, et al,

        Defendants.

Case No. 24-cv-1414-bhl

## SCREENING ORDER

    On November 4, 2024, Plaintiff William Perry,[1] proceeding *pro se*, filed a complaint against "S2 Realty & various tenants," Willie Hines, Christian Faith Fellowship Church, Ausar Auset Society International, the Nation of Islam, the Council of Black National Churches, Bieck Management, Affordable Insurance, and Bartz Management, LLC. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

    Perry's handwritten IFP motion is difficult to read, but the Court will attempt to interpret his responses. He reports that he is employed as a sports official with variable monthly income, but also lists his monthly salary as $1611. (ECF No. 2 at 2.) He also indicates that he leases a 2016 Chevy Equinox and has $100 in cash or accounts and no other assets. (*Id.* at 2–3.) For expenses, Perry states that he pays $12,000 monthly in rent, $670 for his monthly car payment, and $100 on other household expenses, but lists total monthly expenses of $19,000. (*Id.* at 2–3.)

---

[1] Plaintiff's real name is not readily apparent from the face of the complaint. He refers to himself as "Priest Dr. Aneb Jah Rasta sensas-Utcha Nefer – 1 AKA Reverend Dr. Billy Jo "William" Perry PhD MD EED DD." (ECF No. 1 at 1.)

On this record, the Court cannot find Perry indigent. The Court finds his reported monthly rent of $12,000 and total monthly expenses of $19,000 not credible. While an individual might conceivably pay $12,000 per month for a luxury apartment (assuming one exists in Milwaukee), that individual could not choose such housing and simultaneously claim indigency. The Court also notes that Perry's reports concerning his income and expenses are not sufficiently supported. Accordingly, Perry's motion to proceed without prepayment of the filing fee will be denied, but *without prejudice*. The Court will allow him the opportunity to refile his motion with accurate detail concerning his monthly income and expenses so that the Court may assess his indigency. If Perry chooses to refile, he should be clear, accurate, and detailed in the information he provides.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Perry's complaint is impossible to follow. He starts by accusing the defendants, generally, of "DOMESTIC TERRORISM" and then makes further generalized allegations of stalking, racial discrimination, harassment, and obstruction of justice. (ECF No. 1 at 5–8.) He refers to "Old-Wives Taled necromancies," "Omens," "foreign cultures and races," "Ritual sacrificing," "deity worship," "home made practices of seducing spirit[]s of curses as busybodies," "Predatory Sexual acts of Beastiality and homesexualities," and "occultic movements." (*Id.*) He cites both the Bible and the Quran and appears to cite several Bible verses. (*Id.*) In terms of legal theories, Perry invokes "The Right of Fair Housing," landlord/tenant laws, Naturalization, the U.S. Code annotated titles 18, 28, 8, 41, and 21, and the United States Constitution generally. (*Id.* at 6–8.) For relief, he requests "all damages if punitive and applicable according to the laws," and $75,000 from each Defendant. (*Id.* at 9.)

## ANALYSIS

Perry's allegations are insufficient to support a federal lawsuit. His factual allegations are difficult to follow, fanciful and not aimed at any particular defendant. He has not given sufficient notice to any of the many defendants of any particular legal claim he would assert against them. The Court cannot discern even the most general factual basis of his dispute.

While Perry's complaint appears to be frivolous, because he is acting without help from a lawyer, the Court will allow him one chance to file an amended complaint that states a plausible claim or claims. If Perry does not wish to pursue this matter further, he is not required to take any additional action. If he decides to proceed with an amended complaint, he should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Perry should set forth his allegations in short and plain statements, focusing on the *facts* of his case rather than abstract legal terms or general allegations of wrongdoing. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. Perry is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself, without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d

1054, 1056–57 (7th Cir. 1998).  Perry's amended complaint must be filed on or before **December 9, 2024**.

Accordingly,

**IT IS HEREBY ORDERED** that Perry's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**, with leave to refile with more detailed information regarding his financial situation.

**IT IS FURTHER ORDERED** that if Perry wishes to proceed with this lawsuit, he must file an amended complaint.  The amended complaint must be filed with the Court on or before **December 9, 2024**.  If the Court does not receive Perry's amended complaint by that date, the case will be dismissed without prejudice pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on November 7, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge