UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REV DR WILLIAM J PERRY,

        Plaintiff,

v.

        Case No. 24-cv-1414-bhl

S2 REALTY AND VARIOUS TENANTS, et al,

        Defendants.

---

## SCREENING ORDER

---

On November 4, 2024, Plaintiff "Rev. Dr. William J Perry," proceeding *pro se*, filed a complaint against various defendants along with a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) On November 7, 2024, the Court screened Perry's complaint and concluded that he had not provided sufficient information to establish his indigency and had also failed to state a claim for relief. (ECF No. 4.) The Court observed that Perry's complaint was impossible to follow and his allegations were both fanciful and insufficiently directed at any specific individual to state a federal claim. (*Id.* at 3.) The Court also denied his request for IFP status as inadequately supported. (*Id*. at 1–2.) Given his *pro se* status, the Court allowed him the opportunity to refile his IFP motion and gave him until December 9, 2024 to file an amended complaint that stated a plausible claim. (*Id*. at 3–4)

On December 9, 2024, Perry filed an amended complaint naming several additional Defendants[1] and purporting to provide additional financial information relevant to his IFP status. (ECF No. 6.) Because Perry's latest filing remains frivolous, his amended complaint will also be dismissed, this time without leave to amend.

### THE MOVANT'S INDIGENCY

The Court denied Perry's previous IFP motion because it found his reported monthly expenses of $19,000 (including $12,000 for rent alone) not credible, but gave him the opportunity

---

[1] Darrell Lynn Hines, Ra Un Nefer Amen, Louis Farahkhan, Evan Scheel, Barbara Kaukfert, Octavio Padilla, Kevin Kennedy, and the "Ruiz Tenants." (ECF No. 6 at 1.)

to refile his motion with accurate and detailed financial information. (ECF No. 4 at 1–2.) Perry did not refile his motion, but instead included a listing at the end of his amended complaint of various dollar amounts for rent, auto payments, and insurance, as well as a monthly salary of $1,200–1,400 as a sports official and $1,611 monthly from social security disability insurance. Contrary to 28 U.S.C. § 1915(a)(1), none of the new information Perry presents is supported by an affidavit in which Perry attests to it truthfulness. He has simply included new assertions of questionable veracity. Accordingly, the Court cannot find him indigent.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Like his initial pleading, Perry's amended complaint is frivolous. It contains a scattering of factual allegations along with references to satanic worship, bible verses, and court cases without appropriate context. None of these allegations state a plausible claim for relief. "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Att'y Gen.*, Nos. 13-cv-476-wmc, 13-cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Perry accuses a long list of seemingly unrelated defendants, several of them public figures, of satanic worship, torture, and other inscrutable forms of misconduct, none of which are grounded in law. Given the nature of his allegations, "it is apparent from a reading of the complaint that there is no need to await the [defendants'] answer or motion to dismiss . . . to determine that the case is going nowhere," thus making Perry's suit frivolous. *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). As such, the Court will dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that Perry's Amended Complaint, ECF No. 6, and this lawsuit are **DISMISSED as frivolous**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 18, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge